UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANESKY GERMOSEN,

                Petitioner,

         V.

T.R. CRAIG,

                Respondent.
_____

**REPORT AND
RECOMMENDATION**

06-CV-561
(DNH/VEB)

## I. INTRODUCTION

Petitioner Janesky Germosen, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.   Petitioner is an inmate at the Federal Correctional Institution in Otisville, New York.   In 2004, he was sentenced in the Southern District of New York to 184 months of incarceration.   Petitioner does not contest his conviction, rather, he asserts that the Federal Bureau of Prisons miscalculated his sentence. (Docket No. 1).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 11).

## II. BACKGROUND

**A.    Facts**

In November of 1997, Petitioner was sentenced by the State of New Jersey for various drug crimes.  (Docket No. 6 at Exhibit C).  On November 28, 2002, while on parole

from his New Jersey sentence, Petitioner was arrested by police officers in the State of New York for other various drug related crimes.  (Id. at Exhibit B).  Petitioner's arrest in the State of New York was a violation of his New Jersey parole, and on December 12, 2002, he was turned over to the authorities in New Jersey.  (Id.).

On January 6, 2003, a New Jersey court sentenced Petitioner to a sixteen (16) month term of imprisonment for his violation of parole.  (Id. at Exhibit C).  On October 8, 2003, during that sixteen month term, the United States Marshals transported Petitioner for trial to New York on federal charges for the November 28, 2002 New York arrest by state authorities via a writ of habeas corpus *ad prosequendum*.  (Id. at Exhibit B).  Petitioner remained in the custody of the United States Marshals Service pursuant to the writ until May 5, 2003, when he was released from his sixteen(16) month New Jersey sentence.  (Id. at Exhibit D).  Thereafter, jurisdiction transferred from New Jersey to the United States Marshals and he remained in custody on the New York federal warrant.  (Id.).

On October 29, 2004, Petitioner was sentenced in the United States District Court for the Southern District of New York to a 100 month term of incarceration, with a four year period of supervision for: Conspiracy to Commit Robberies, in violation of 18 U.S.C. § 951; and Conspiracy to Distribute and Possession with Intent to Distribute Cocaine, in violation of  21 U.S.C. § 846.  (Id. at Exhibit A).  Petitioner was also sentenced to a consecutive eighty-four (84) month term of incarceration with a four (4) year period of supervision for: Brandishing a Firearm During and in Relation to a Robbery, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).  (Id.).  Therefore, Petitioner's aggregate sentence was 184 months with a four (4) year supervised release to follow his sentence.

On November 18, 2004, Petitioner was transferred to the Federal Correctional

2

Institution ("FCI") at Ray Brook.  (<u>Id.</u> at Exhibit A).  Thereafter, Petitioner's sentence was computed by the Bureau of Prisons ("BOP"), which determined that Petitioner's sentence commenced on October 29, 2004, the date of imposition.  (Id.).  The BOP gave Petitioner prior custody credit for the November 28, 2002 through January 5, 2003 custody, and for the May 6, 2004 through October 28, 2004 custody prior to sentencing.  (<u>Id.</u> at Exhibit A p. 3-4).  Respondent concedes that Petitioner duly challenged the BOP's determination in this regard and has exhausted all available administrative remedies. (Docket No. 6 at 2).

**B.  Federal Habeas Corpus Proceedings**

Petitioner, proceeding *pro se*, commenced this action on May 8, 2006, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1).  In his Petition, he asserts that the Bureau of Prisons should have given him prior custody credit for the sixteen month period he was serving his New Jersey parole violation sentence, a portion of which was spent in the custody of the U.S. Marshals.   (Docket No.1). Respondent filed submissions in response on August 29, 2006.  (Docket No. 6).   For the reasons that follow, it is recommended that Petitioner's habeas corpus petition be denied.

**III. DISCUSSION**

**A.    Federal Habeas Corpus Standard**

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to prisoners who challenge the execution of their sentence, rather than the imposition of the sentence itself. <u>Jiminian v. Nash</u>, 245 F.3d 144, 146-47 (2d Cir.2001); <u>see</u> <u>also</u> <u>Carmona v. Bureau of</u>

Prisons, 243 F.3d 629, 633 (2d Cir.2001) (deciding petitioner's § 2241 claim was proper because he was seeking credit for prior time spent in detention).   A § 2241 petition is generally the appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence.  See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir.2003) (explaining that § 2241 is the means by which a petitioner can challenge the Bureau of Prisons' calculation of credit to be given for other periods of detention); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition).

It is well-settled that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody." United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir.1998).  A defendant disputing the BOP's jail-time credit determination must first exhaust his or her administrative remedies and may thereafter seek judicial review through a habeas corpus petition under § 2241. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir.1999); Arashi v. United States, No. 94 Civ. 7603(CSH), 1995 WL 358676, *2 (S.D.N.Y. June 14, 1995).

## B.   Petitioner's Claim

As set forth above, Petitioner asserts that the Bureau of Prisons failed to give him the proper amount of prior custody credit because they did not credit the sixteen month period of time[1] he was incarcerated for his New Jersey parole violation prior to the

---

[1]In the Petition, Petitioner asserts that he is owed "approximately 1 ½ years" credit, however, in the interest of accuracy, this Court has restated Petitioner's argument as asserting that he is owed sixteen months because according to the Exhibits attached to Respondent's Response, the time period actually totaled sixteen months.  See (Docket No. 6).

imposition his federal sentence.  (Docket No. 1).  Respondent asserts that Petitioner was given the proper amount of credit and that, pursuant to 18 U.S.C. §3585, he is not owed the sixteen months, as those months were credited towards Petitioner's New Jersey sentence, and therefore cannot also be credited towards his federal sentence. (Docket No. 6).

### 1.     18 U.S.C. § 3585

18 U.S.C. § 3585 provides that a defendant is entitled to credit toward the term of imprisonment if the defendant, prior to the commencement of the sentence, has spent time in official detention as a result of: (1) the offense for which the sentence was imposed; or (2) any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, so long as it has not been credited towards another sentence. 18 U.S.C. § 3585(b); United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir.1998) (deciding that a district court lacks authority under § 3585(b) to credit a defendant's federal sentence for time that has already been credited towards a state sentence).  Time that has been credited to a state sentence may not also be credited towards a federal sentence because "18 U.S.C. § 3585(b) bars double-counting." Werber v. United States, 149 F.3d 172, 173 (2d Cir.1998); see also  Tisdale v. Menifee  166 F.Supp.2d 789, 792 (S.D.N.Y. 2001) (noting that "§ 3585(b) preclude[d] [petitioner] from receiving 'double credit' for . . . time on both his state and federal sentences").

On October 8, 2003, Petitioner was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. When a prisoner is transferred for prosecution in federal court pursuant to this writ, the state still has primary jurisdiction over the prisoner. United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y.1993) (holding that petitioner could

5

not receive prior custody credit toward his federal sentence for time spent in federal custody because the time spent in detention was part of his state sentence). This rule comes from the idea that the prisoner is on "loan" to the federal authorities. Id. at 372; see also United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir.2001) ("a defendant held at a federal detention facility is not in custody' ... when he is produced through a writ of habeas corpus ad prosequendum").

Therefore, Petitioner remained in the state of New Jersey's custody when the United States Marshals took him to New York and he was still serving his state sentence. Petitioner was merely on "loan" to the federal authorities so his federal charges could be adjudicated. As set forth above, Petitioner was given credit by the BOP for the November 28, 2002 through January 5, 2003 prior custody, and for the May 6, 2004 through October 28, 2004 custody prior to his federal sentencing, as those periods were not credited toward his New Jersey sentence.  (Docket No. 6 at Exhibit A p. 3-4).

However, the sixteen month period between January 6, 2003 and May 5, 2004, for which Petitioner wants credit, was properly computed by the BOP.  The sixteen month period between January 6, 2003 and May 5, 2004 was credited to his New Jersey parole violation sentence and, as a result, Petitioner is unable to receive additional credit towards his federal sentence because § 3583(b) precludes Petitioner from receiving "double credit" for time on both his federal and state sentences. United States v. Wilson, 503 U.S. 329, 337 (1992) (deciding that § 3585(b) restricts sentencing credits to time that has not been credited against another sentence to ensure that a defendant does not receive double credit). The Bureau of Prisons properly calculated Petitioner's sentence. As such, Petitioner's claim for habeas relief should be DENIED.

6

## IV. CONCLUSION

For the reasons stated above, the Court recommends Janesky Germosen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue.  See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:      September 3, 2008

            Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

 September 3, 2008

Victor E. Bianchini
United States Magistrate Judge